# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-60138

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2013

Lyle W. Cayce
Clerk

JOHN HOWARD OVERSTREET,

Plaintiff-Appellant

v.

WARDEN REGINA HANCOCK; RON KING,

Defendants-Appellees

————

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2-11-CV-245

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Howard Overstreet, former Mississippi prisoner # 49188, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment granting the defendants' motion for summary judgment and dismissing Overstreet's complaint with prejudice. Overstreet filed a 42 U.S.C. § 1983 complaint arguing that the defendants were denying him adequate medical treatment in violation of the Eighth Amendment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliated against him for filing the instant complaint, and violated the Americans with Disabilities Act.

By moving to proceed IFP, Overstreet is challenging the magistrate judge's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). By failing to address the magistrate judge's reasons for dismissing his § 1983 complaint or providing any other reason why the magistrate judge's certification is erroneous, Overstreet has abandoned any challenge he might have raised regarding the magistrate judge's decision. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Overstreet's appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 219-20. His IFP motion is therefore denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for appointment of counsel is denied as well. The dismissal of Overstreet's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Overstreet is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.